**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GREGORY SPIGHT,**

    **Plaintiff,**

    v.                                      **CASE NO. 20-3081-SAC**

**JAMES HEIMGARTNER, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. On March 17, 2020, this case was transferred to this Court from the Northern District of Illinois. The Court granted Plaintiff leave to proceed *in forma pauperis*. On May 8, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 14) ("MOSC"), granting Plaintiff until June 8,2020, in which to show good cause why him Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has failed to respond to the MOSC by the deadline.

Plaintiff alleges in his Complaint he overserved his sentence, claiming that on that the Kansas Department of Corrections ("KDOC") failed to give him proper credit toward his sentence he was serving in Case No. 09CR2051 filed in Sedgwick County, Kansas. Plaintiff alleges that he was sentenced on July 12, 2011, to serve sixty-eight months with a credit of 720 days for time served. Plaintiff attaches a November 13, 2015 Kansas Court of Appeals opinion granting him habeas relief and reversing and remanding his case "with directions for the KDOC to recalculate Spight's sentence in Case No. 09 CR 2051 with the full 720 days of jail credit he was awarded in that case." (Doc. 1, at 14.)

The Court found in the MOSC that it is not clear whether Plaintiff is alleging that the defendants failed to give him credit toward his sentence after the Kansas Court of Appeals issued its order on November 13, 2015, and that Plaintiff failed to provide factual allegations regarding his release date or what the KDOC did in response to the order by the Kansas Court of Appeals. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Court also found in the MOSC that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations and that Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. The Court directed Plaintiff to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. Plaintiff was also given an opportunity to file a proper amended complaint to address the deficiencies set forth in the MOSC.

Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim. The MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 14, at 7.)

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 12, 2020, in Topeka, Kansas.**

             **s/ Sam A. Crow**
             **Sam A. Crow**
             **U.S. Senior District Judge**